CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 06, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY W. DRAKE, SR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:23cv00222 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNKNOWN, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Timothy W. Drake, Sr., a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, but does not name a defendant to the action. Drake seeks leave to proceed *in forma pauperis*. The court conditionally filed Drake's complaint and gave him the opportunity to file an amended complaint, but he did not respond to the court's order. Having reviewed Drake's complaint and financial documents, the court grants his request to proceed *in forma pauperis* but concludes that Drake fails to state a cognizable §1983 claim. Therefore, the court will dismiss Drake's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Drake alleges that he was transferred without his legal papers, that he has been denied "adequate medical treatment," that he has been retaliated against, and that he has been subjected to cruel and unusual living conditions. (Compl. at 1 [ECF No. 1].) His complaint, however, is written as a letter and does not name any defendant or allege any facts against any person or entity.

By ordered entered on April 30, 2024, the court conditionally filed Drake's complaint, informed him that the complaint failed to state a cognizable § 1983 claim against a defendant, and gave him the opportunity to file an amended complaint. (ECF No. 13.) The court advised

Drake that an amended complaint should name any person he intended to bring the lawsuit against and specifically describe how each person violated his federal rights. The court noted that, in order to proceed with this action, it was necessary that Drake filed an amended complaint and that if he failed to do so, the court would assume he stood on his current complaint and waived his right to amend. The court warned Drake that failure to amend may result in dismissal of the complaint.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (emphasis added). Despite being given the opportunity to amend his complaint, Drake has not named a defendant to this action, or even alleged any fact against any person. Therefore, the court concludes that Drake has failed to state a cognizable § 1983 claim.

For the reasons stated, the court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**ENTERED** this 6th day of June, 2024.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE